IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

PLUMBERS, PIPEFITTERS and
APPRENTICES LOCAL NO. 112
PENSION FUND, *et al.*,

Civil Action No.
3:16-CV-0321 (MAD/DEP)

Plaintiffs,

v.

D.J. SPRINGER, INC. and JEANNETTE
SPRINGER,

Defendants.

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFFS:

BLITMAN & KING, LLP                 JENNIFER A. CLARK, ESQ.
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, NY 13204

FOR DEFENDANTS:

PRATT LAW OFFICE                    WALTER G. PRATT, ESQ.
510 Higby Road
New Hartford, NY 13413

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

This is an action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and section 301(a) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a), by trustees of various employee pension and welfare benefit plans against defendants D.J. Springer, Inc., and Jeannette Springer to recover unpaid contributions to the plaintiff funds. Since its inception approximately nineteen months ago, the action has been plagued with discovery issues, all arising from defendants' failure to provide requested discovery, and defendants have flaunted several court orders directing them to produce documents and information to plaintiffs. As a result of defendants' inaction, and in light of the fact they were warned on multiple occasions that their continued defiance of court orders would result in such a ruling, I now recommend that defendants' answer be stricken and they be declared in default.

I.    BACKGROUND

Plaintiffs commenced this action on March 18, 2016. Dkt. No. 1. Following service of process and the entry of an appearance on behalf of defendants, the court conducted a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on June 16, 2016. Minute Entry Dated June 16, 2016. Following that conference, a schedule for the

2

progression of the case was issued requiring, *inter alia*, the completion of all discovery by February 3, 2017, and the filing of motions on or before April 7, 2017. Dkt. No. 9. Those deadlines were later stayed on August 31, 2016, however, based upon defendants' submission of a settlement offer under consideration by plaintiffs at the time. Dkt. No. 10. Plaintiffs' counsel was directed to provide a status update to the court on or before November 10, 2016. *Id.*

Pursuant to my order, plaintiffs' counsel filed a letter on November 10, 2016, advising the court that, although plaintiffs had rejected defendants' settlement proposal, they had advanced a counterproposal, which defendants ultimately rejected. Dkt. No. 11 at 1. Counsel for plaintiffs also informed the court that, by letters dated September 23, 2016 and October 25, 2016, plaintiffs requested that defendants respond by November 4, 2016, to their First Request for the Production of Documents ("RFP"), dated May 27, 2016, and "produce their books and records for payroll audit covering the period from January 1, 2015 to the date." *Id.* As of the date of plaintiffs' letter, defendants had not responded to plaintiffs' requests, and, as a result, plaintiffs requested the court schedule a telephone conference to discuss the matter. *Id.* Following a telephone conference held with the parties on November 15, 2016, the court issued a text order directing defendants to serve proper responses to plaintiffs'

outstanding discovery demands within thirty days after re-service of the discovery demands upon defendants' counsel.[1] Dkt. No. 13.

A further telephone conference was conducted concerning the action on December 21, 2016. Minute Entry Dated December 21, 2016. During that conference, I was advised that defendants had failed to comply with my text order issued on November 16, 2016. *Id.* Another text order was subsequently issued on December 22, 2016, extending defendants' time to provide responses to plaintiffs' outstanding document demands, as well as to serve the initial mandatory disclosures that were required under Rule 26(a)(1) but never provided, until January 6, 2017. Dkt. No. 14. My text order included a warning to defendants that their failure to comply with the order would result in "a report and recommendation . . . issued to U.S. District Judge Mae A. D'Agostino recommending that the defendants' answer be stricken and that the defendants be declared in default." *Id.*

By letter dated January 13, 2017, plaintiffs' counsel advised the court defendants had yet again failed to comply with the court's order directing responses to plaintiffs' RFP, and further failed to make their books and records available for a payroll audit, and, in fact, had refused an auditor's

---

[1]    Plaintiffs' counsel was asked to re-serve the earlier discovery requests because defendants' attorney represented to the court that he had misplaced the original demands.

request to schedule an audit. Dkt. No. 15 at 1. In her letter, plaintiffs'

counsel requested that the court strike defendants' answer or schedule

another conference to discuss the matter. *Id.* at 2. On January 18, 2017,

the court held a telephone conference with the parties, during which

defendants' counsel was urged to communicate with plaintiffs' attorney in

order to determine precisely what information and documents plaintiffs

were seeking. Text Minute Entry Dated January 18, 2017. I also reiterated

to defendants' counsel that his clients had an obligation to comply with

legitimate discovery demands, and warned that their failure to satisfy their

obligations in that regard would result in a recommendation to Judge

D'Agostino that their answer be stricken and they be declared in default.

*Id.* At that time, I also scheduled a follow-up telephone conference for

February 16, 2017. *Id.* That conference, however, did not go forward

because defendants' counsel was unavailable at the appointed time and

could not be located by either plaintiffs' counsel or the court. Dkt. No. 16.

An in-person conference in the case was thereafter conducted in the

matter on February 23, 2017. Text Minute Entry Dated February 23, 2017.

During that conference, the parties discussed with the court both the

possibility of settlement and the issue of outstanding discovery demands.

*Id.* At the conclusion of the conference, I issued a text order extending the

deadline for completion of discovery to June 1, 2017. Dkt. No. 17.

On May 23, 2017, plaintiffs' counsel filed a letter with the court indicating that extensive settlement negotiations had occurred but failed to yield a resolution, and that defendants still had not responded to plaintiffs' first RFP. Dkt. No. 18 at 1. In response to that letter, I issued a text order on May 24, 2017, again extending the deadline for completion of discovery to August 1, 2017.[2] Dkt. No. 19.

A further telephone conference was conducted in the action on June 20, 2017. Text Minute Entry Dated June 20, 2017. Counsel for defendants represented to the court that he would contact plaintiffs' attorney to discuss what discovery remained outstanding. *Id.* As a result of that conference, I issued a text order requiring defendants to provide amended responses to plaintiffs' document demands and produce the requested books and records on or before July 1, 2017. Dkt. No. 20.

By letter from plaintiffs' counsel dated July 13, 2017, the court was advised that the parties were once again engaged in settlement negotiations, and it was thought that defendants had accepted plaintiffs' settlement proposal. Dkt. No. 21. Plaintiffs' counsel, however, requested the court to grant a further extension of the discovery deadline in the event that defendants were unwilling to execute the requisite documents to

---

[2]     By stipulation of the parties, the schedule was further amended on July 14, 2017, to include a new discovery deadline of September 1, 2017. Dkt. No. 22.

consummate the settlement. *Id.* As a result of that letter and a responsive letter from defendants' counsel advising that defendant Jeannette Springer was being evaluated for a serious health condition, Dkt. No. 23, I issued an order further extending the deadline for the completion of discovery from September 1, 2017 to January 2, 2018. Dkt. No. 24.

On August 30, 2017, plaintiffs' counsel filed a letter with the court advising that defendants were still in violation of the court's December 22, 2016 (Dkt. No. 14) and June 20, 2017 (Dkt. No. 20) orders, and providing specifics concerning what discovery remained delinquent. Dkt. No. 25. According to the letter, defendants still had not produced documents responsive to four RFPs, and, in addition, had failed to respond to plaintiffs' first set of interrogatories dated March 1, 2017. *Id.* at 1-2. The letter also noted that defendant Jeannette Springer, as well as Michael Springer, an employee of the defendants, and the bookkeeper for defendant D.J. Springer, Inc., had failed to appear for depositions noticed for July 27, 2017. *Id.*

Defendants did not respond to plaintiffs' letter dated August 30, 2017. As a result, I issued a text order on September 8, 2017, ordering defendants to respond to RFPs 9-11 and 15, and to provide proper and complete responses to plaintiffs' first set of interrogatories on or before October 9, 2017. Dkt. No. 27. That text order also directed that Jeannette

7

Springer, Michael Springer, and the bookkeeper for D.J. Springer, Inc.,

appear for depositions at mutually convenient dates, times, and locations

on or before November 10, 2017. *Id.* Significantly, that text order included

the following admonition:

> Defendants['] failure to comply with <u>ANY</u> of the
> foregoing requirements <u>WILL</u> result in my issuance
> of a report recommending that defendants' answer
> be stricken and they be declared in default.

*Id.* (emphasis in original).

By letter dated October 10, 2017, plaintiffs' counsel advised the court

that defendants still have not provided responses to RFPs 9-11 and 15,

nor have they responded to plaintiffs' first set of interrogatories. Dkt. No.

28. In that letter, defendants' counsel requested that defendants' answer

be stricken and that they be declared in default. *Id.* In response to that

letter, defendants' counsel submitted an undated letter that is identical to

the letter previously filed on August 21, 2017 (Dkt. No. 23), requesting a

sixty-day extension of all deadlines. Dkt. No. 29. Significantly, the letter

advised that "Jennifer Clark, Esq. does not object to the extension." *Id.*

Attached to that letter is an undated note from a nurse practitioner from

"Dr. Gaissert's office," advising that defendant Jeannette Springer

underwent surgery on September 25, 2017. Dkt. No. 29-1. That note

stated that, "[b]ecause of [defendant Jeannette Springer's] operation, she

is not able to do any heavy lifting for 4 weeks, will require frequent position changes and is taking narcotic pain medication for optimal pain control." *Id.* The nurse's letter included a recommendation that any legal proceedings be delayed until after the four weeks had passed.[3] *Id.*

II.    DISCUSSION

Defendants' failure to comply with the court's several discovery-related orders opens them to the various sanctions provided under Rule 37(b)(2) of the Federal Rules of Civil Procedure. Among the sanctions available under that rule are "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A)(iii),(vi). The rule also provides as follows:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

The entry of defendants' default in this case, which is the sanction requested by plaintiffs in their pending motion, is one of the most severe sanctions permitted by Rule 37 for a disobedient party, and its imposition

---

[3]    Although the letter does not indicate when the four-week restriction on heavy lifting commenced, one could assume it began on September 25, 2017, the date of defendant Jeannette Springer's surgery.

should be ordered "only when the district judge has considered lesser alternatives." *S. New England Tel. Co. v. Global NAPs Inc.* ("*SNET*"), 624 F.3d 123, 144 (2d Cir. 2010). In *SNET*, the Second Circuit advised as follows concerning the imposition of sanctions:

> [S]everal factors may be useful in evaluating a district court's exercise of discretion to impose sanctions pursuant to this rule, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.

*SNET*, 624 F.3d at 144 (quotation marks and alterations omitted). District courts have "wide discretion in imposing sanctions under rule 37," and the factors listed above are not exclusive. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007); *accord, Razmilovic*, 738 F.3d at 25.

As was discussed at length above in part I. of this report, defendants have failed to comply with plaintiffs' discovery requests and the court's discovery-related orders since, at least, December 2016. It is clear that both plaintiffs' counsel and the court have been exceedingly patient with defendants, only to be met with defendants' unabashed and serial failures to comply with court orders requiring the production of documents and information. Although the court is sympathetic to the health condition of

10

defendant Jeannette Springer, no explanation has been offered as to why, prior to September 2017, defendants could not have complied with court orders. Nor have defendants cited any reason for their inability to rely on alternative resources, such as other employees of defendant D.J. Springer, Inc., including the company's bookkeeper, to provide the requested information.

This case has been pending for over one year, and it is likely that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). The delays in this matter that have resulted directly from defendants' conduct have already unfairly prejudiced plaintiffs, and any additional delay in this case risks further undue prejudice. In addition, based upon the circumstances presented, the need to alleviate congestion on the court's docket outweighs defendants' right to receive a further chance to defend in this matter. Moreover, it is clear that defendants have been adequately and repeatedly warned of the potential consequences associated with their failure to comply with the court's discovery orders.

As required, I have considered the possibility of imposing less-drastic sanctions, but reject those alternatives. I am persuaded, for

example, that issuing an order reprimanding defendants for their conduct would be futile in light of their chronicled history of non-compliance with court directives and plaintiffs' legitimate discovery requests. Finally, while I remain mindful that it is always preferred that lawsuits be resolved on the merits, rather than on procedural or technical grounds, *see, e.g., Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (1993), the facts and circumstances of this case reflect defendants' willful and repeated failure to cooperate with plaintiffs and the court in an effort to advance the matter toward a fair and just resolution.

In sum, given defendants' conduct, it appears that the ultimate sanction of default judgment is now warranted.

III.   SUMMARY AND RECOMMENDATION

As a result of defendants' persistent and unexcused failure to comply with serial court orders directing them to provide the most basic discovery requested by plaintiffs, and the fact that they had been repeatedly warned of the possibility of this sanction, I am recommending that defendants' answer to plaintiffs' complaint in this action be stricken and they be declared in default.

With regard to attorney's fees, although they could be awarded at this juncture pursuant to Rule 37(b)(2)(C), in the event that default judgment is granted, plaintiffs will be entitled, as prevailing parties, to seek

recovery of costs and attorney's fees under ERISA. *See* 29 U.S.C. § 1132(g). Accordingly, I recommend that the issue of attorney's fees be deferred at this time.

Based upon the foregoing it is hereby respectfully

RECOMMENDED that (1) defendants' answer in this action (Dkt. No. 5) be STRICKEN, (2) the defendants' default be entered, and (3) plaintiffs be directed to file a motion for default judgment within a reasonable period of time following the issuance of an order regarding this recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     October 24, 2017
           Syracuse, New York


David E. Peebles
U.S. Magistrate Judge