**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PLUMBERS, PIPEFITTERS, AND APPRENTICES**
**LOCAL NO. 112 PENSION FUND,** *et al.*,

                             **Plaintiffs,**

  vs.                                               3:16-CV-0321
                                                      (MAD/DEP)

**D.J. SPRINGER, INC., JEANNETTE SPRINGER,**

                             **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**BLITMAN, KING LAW FIRM**             **JENNIFER A. CLARK, ESQ.**
Franklin Center
443 North Franklin Street - Suite 300
Syracuse, New York 13204-1415
Attorneys for Plaintiffs

**OFFICE OF WALTER G. PRATT**         **WALTER G. PRATT, ESQ.**
510 Higby Road
New Hartford, New York 13413
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

On March 18, 2016, Plaintiffs Plumbers, Pipefitters and Apprentices Local No. 112 Annuity Fund; Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund; Plumbers, Pipefitters and Apprentices Local No. 112 Educational and Apprenticeship Funds; Plumbers, Pipefitters and Apprentices Local No. 112 and Employers Cooperative Trust; and Local No. 112 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Plaintiffs") brought this action against Defendants D.J. Springer Inc. and Jeannette Springer ("Defendants"). *See* Dkt. No. 1. Plaintiffs allege that Defendants are liable for failure to make contributions and deductions as required by the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 1985. *See id.* Presently before the Court is Judge David E. Peebles's Report and Recommendation, which recommends striking Defendants' answer and entering default against Defendants. *See* Dkt. No. 31. For the following reasons, the Report and Recommendation is adopted in full.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *accord Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

Here, Plaintiffs filed their complaint on March 18, 2016, and Defendants answered on April 15, 2016. *See* Dkt. Nos. 1, 5. After initial settlement discussions failed, Defendants became entirely uncooperative in discovery and unresponsive to Court orders. *See* Dkt. No. 31 at 3-8. Eventually, Plaintiffs filed a letter request asking the Court to strike Defendants' answer and enter default against Defendants. *See* Dkt. No. 28 at 1-2. In response, Magistrate Judge Peebles issued a Report and Recommendation recommending that the Court grant that relief. *See* Dkt. No. 31 at 12 ("As a result of defendants' persistent and unexcused failure to comply with serial court orders directing them to provide the most basic discovery requested by plaintiffs, and the fact that they had been repeatedly warned of the possibility of this sanction, I am recommending that defendants answer to plaintiffs' complaint in this action be stricken and they be declared in default").

"'If a party . . . fails to obey an order to provide or permit discovery,' the district court may impose sanctions, including 'rendering a default judgment against the disobedient party.'" *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 450 (2d Cir. 2013) (alteration in original) (quoting Fed. R. Civ. P. 37(b)(2)(A)(vi)). Although entering a default judgment against a defendant is a severe sanction, it is appropriate in "'extreme situations,' as 'when a court finds willfulness, bad faith, or any fault on the part of the' noncompliant party." *Id.* (quoting *Bobal v. Rensselaer Polytechnitic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)). For the reasons laid out by Magistrate Judge Peebles in the Report and Reccomendation, this case presents one of those extreme situations where severe sanctions are appropriate. *See* Dkt. No. 31 at 3-8. Since Defendants did not submit any objections, the Court has reviewed the Report and Recommendation for clear error and found none.

After carefully reviewing the parties' submissions, Magistrate Judge Peebles's Report and Recommendation, the applicable law and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles's Report and Recommendation (Dkt. No. 31) is **ADOPTED in full**; and the Court further

**ORDERS** that the Clerk of the Court enter default against Defendants in this action; and the Court further

**ORDERS** that Plaintiffs submit a motion for default judgment within **sixty (60) days** of this Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 6, 2018
Albany, New York

Mae A. D'Agostino
U.S. District Judge